UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL ACTION CENTER,
et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
et al.,

    Defendants.

Civil Action No. 01-72 (GK)

FILED
APR 1 5 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM-OPINION

Plaintiffs have filed a Motion for A Protective Order to preclude inquiry by the Defendants, primarily the government, about six specific subject matter areas which they allege are constitutionally privileged political and/or associational activity. Upon consideration of the Motion, the Defendants' Response, and Plaintiffs' Reply, the Court concludes that the Motion should be **granted**.

Plaintiffs, several political action organizations and individuals, are challenging the actions of the federal government and the Presidential Inaugural Committee ("PIC") on Inauguration Day, January 20, 2001, which they allege violated their constitutional rights to express their political views and demonstrate at the particular portion of Freedom Plaza for which they were given a demonstration permit by the National Park Service. The case will involve very substantial discovery and the

resolution of extremely important First Amendment issues.

To date, it has been the Court's perception--based on the papers which have been submitted--that there has been a high level of cooperation and civility amongst the parties. This is noted with approval and appreciation. The Court expects it to continue, even as counsel become more deeply involved in the stresses of high-profile litigation.[1]

Plaintiffs identify six categories of defense discovery requests to which they object. Plaintiffs assert that five of these categories concern subject matter that is totally irrelevant to this lawsuit. More importantly, Plaintiffs also argue that disclosure of the information sought by these requests will subject individuals "to probable harassment and reprisal, and will have a chilling effect on the willingness of persons to engage in the democratic process through mass protest or concerted political action." Pls.' Mot. for Prot. Order at 2. As to the sixth category, Plaintiffs acknowledge that this subject matter may be relevant, but that the Defendants have not provided sufficient justification for seeking such constitutionally protected information.

---

[1] The Court mentions this issue because the tone of the papers submitted for the pending Motion suggests that this atmosphere of cooperation may be eroding, in particular with respect to counsel for PIC. That eventuality should not be allowed to develop.

The six categories of information for which Plaintiffs seek protection are as follows:

1. The political activities of Plaintiffs except for those which occurred on January 20, 2001, or in specific preparation for the demonstrations of January 20, 2001;[2]

2. The identities of persons who associate with Plaintiffs for purposes of, or incidental to, the conduct of political activity, including employees, staff, or others who are working as volunteers;[3]

3. Contributor lists or information related to contributors;

4. Lists of political activities or causes supported by Plaintiffs;[4]

5. Identities of any anonymous or non-public "members" or "affiliates" of Plaintiffs' organizations who did not engage in

---

[2] For example, Defendants ask for "[a]ll First Amendment protected political demonstration activities that any of the plaintiffs have ever engaged in that is related to 'any environmental and/or political issue', including dates, locations and a detailing of 'all actions' related to demonstration activities." See Pls.' Mot. at 2 (citing and quoting Interrogatory No. 16 to IAC).

[3] For example, Defendants ask for the "identity of all persons who have ever engaged in concerted political activity with plaintiffs, including dates, locations, and a detailing of 'all actions' related to demonstration activities related to 'any environmental and/or political issues.'" See Pls.' Mot. at 2 (citing and quoting Interrogatory No. 16 to IAC). Defendants also ask "[f]or every First Amendment protected activity that any plaintiff has ever engaged in, the identity of 'each and every person with whom you interacted and/or communicated regarding that demonstration.'" See Pls.' Mot. at 2 (citing and quoting Interrogatory No. 17 to IAC).

[4] For example, Defendants ask for "[a]ll political associations of the plaintiffs, specifically the identity of 'all persons and/or entities to whom you, the JAM or any other plaintiff has contributed financial and/or material support.'" See Pls.' Mot. at 2 (citing and quoting Interrogatory No. 19 to IAC).

any activities related to the Inaugural Day protests; and

      6. Identities of persons who anonymously participated in demonstration activity with Plaintiffs on January 20, 2001.[5]

The breadth of information sought by the government is, to say the least, extraordinary.

In response, the government argues that a protective order limiting the use of information obtained in discovery to the custody of the parties would more than adequately address Plaintiffs' concerns, and that the information sought in discovery is relevant.

Before directly addressing the arguments of the parties, the Court wishes to make clear that it is not conducting an interrogatory-by-interrogatory review. Rather, the Court's intent is to provide general guidelines within which the parties must operate and within which their disputes can hopefully be resolved without further judicial intervention.

As to the government's first argument, that the parties are adequately protected with an order limiting the use and custody of the information provided in discovery to the parties, the government simply ignores the thrust of Plaintiffs' fears. It is the government itself that Plaintiffs fear, and therefore confining that information to government (as well as PIC) counsel will hardly

---

[5] It appears from the record that Plaintiffs are willing to provide some or all information responsive to this request.

assuage those fears or avoid the intimidation that Plaintiffs fear might follow.

> "It is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute [an] effective. . . restraint on freedom of association. . ." [NAACP V. Alabama, 357 U.S. 449] at 462, . . . Privacy is particularly important where the group's cause is unpopular; once the participants lose their anonymity, intimidation and suppression may follow. And privacy is important where the government itself is being criticized, for in this circumstance it has a special incentive to suppress opposition. First National Bank of Boston v. Bellotti, 435 U.S. 765, 777 n.11 [] (1978).

Black Panthers Party v. Smith, 661 F.2d 1243, 1265 (D.C. Cir. 1981).[6]

As to the relevancy issue, it is crucial to remember that we are considering the essence of First Amendment freedoms--the freedom to protest policies and programs to which one is opposed, and the freedom to organize, raise money, and associate with other like-minded persons so as to effectively convey the message of the protest.

The courts have long recognized the sensitivity of information related to such activities and consequently have ruled

---

[6] Even though the Black Panther decision was later vacated as moot, Smith v. Black Panther Party, 458 U.S. 1118 (1982), there is no suggestion in later case law in this Circuit that its reasoning or analysis has been rejected or abandoned by our Court of Appeals. See Weisberg v. Webster, 749 F.2d 864, 970 (D.C. Cir. 1984). Indeed, it has been cited subsequently by the Circuit in a unanimous per curiam opinion in Steffan v. Cheney, 920 F.2d 74 (1990), as well as in many other cases from outside this Circuit. See Pls.' Reply at 5 (collecting cases).

that the following information is protected by the First Amendment: membership and volunteer lists,[7] contributor lists,[8] and past political activities of plaintiffs and of those persons with whom they have been affiliated.[9] Consequently, discovery requests from Defendants that seek such information will not be allowed.

Defendants also seek the names, addresses, and telephone numbers of all individuals who attended, planned to attend, "or otherwise manifested any intent to attend" any protests that occurred during the Presidential Inaugural Parade. See Pls.' Mot. at 2 (Request for Production No. 5 to Plaintiff IAC). This is exactly the kind of information the First Amendment is designed to protect. There can be little doubt that such public identification of individuals who never intended their participation in First

---

[7] NAACP v. Alabama, 357 U.S. 449, 461-463 (1958); Fed. Election Comm'n v. Machinists Non-Partisan Political League, 655 F.2d 380, 389 (D.C. Cir. 1981), cert. denied, 454 U.S. 897 (1981).

[8] Brown v. Socialist Workers '74 Campaign Comm., 459 U.S. 87, 95 (1982); Int'l Union, Etc. v. Nat'l Right to Work Comm., 590 F.2d 1139, 1147 (D.C. Cir. 1978) ("[t]he First Amendment's protection . . . extends not only to the organization itself, but also to its staff, members, contributors, and others who affiliate with it.").

[9] DeGregory v. New Hamp. Atty. Gen., 383 U.S. 825, 827 (1966) (past political associations and activities of plaintiff); NAACP v. Alabama 357 U.S. at 458 (affiliates with NAACP); Pleasant v. Lovell, 876 F.2d 787, 804-805 (10th Cir. 1989) (identities and activities of its members); Savola v. Webster, 644 F.2d 743, 746 (8th Cir. 1981) (discovery request seeking political associations and names and addresses of party members and sympathizers overly broad); Familias Unidas v. Briscoe, 544 F.2d 182, 192 (5th Cir. 1976) (members and affiliates).

Amendment activity to thrust them into the harsh glare of the limelight is calculated to chill future political dissent and discourage participation in other protest activity. Consequently, discovery requests from Defendants that seek such information will not be allowed.[10]

In sum, Defendants have failed to meet the standard established in this Circuit for compelling disclosure of information protected by the First Amendment. In <u>Black Panther Party</u>, the Court of Appeals mandated "a balancing inquiry to determine whether a claim of privilege should be upheld. . . the plaintiffs' First Amendment claim should be measured against the defendant's need for the information sought. If the former outweighs the latter, then the claim of privilege should be upheld." <u>Black Panther Party</u>, 661 F.2d at 1266.

In conducting this balancing, the district courts are directed to first:

> consider the relevance of the information sought. The interest in disclosure will be relatively weak unless the information goes to 'the heart of the matter,' that is, unless it is crucial to the party's case [citations omitted]. Mere speculation that information might be useful will not suffice;...Second, courts must determine whether the litigants seeking disclosure have pursued alternative sources. Even when the information sought is

---

[10] In fact, Defendants have ready access to some of such information without resorting to compelled discovery. According to Plaintiffs, and Defendants have not denied this, the District of Columbia Metropolitan Police Department has substantial amounts of videotape which recorded the events in question on January 20, 2001, from 9:30 a.m. until 4:00 p.m.

> crucial to a litigant's case, disclosure should be compelled only after the litigant has shown that he has exhausted every reasonable alternative source of information.

Black Panther Party, 661 F.2d at 1268. The Court emphasized that because of the preferred position of First Amendment rights, "[i]nfringement of First Amendment interests must be kept to a minimum." Id.

In this case, Defendants have failed to show that the information they seek goes to "the heart of the matter" and that they have pursued alternative sources.

Much of Defendants' Response is devoted to a complaint that Plaintiffs have failed to reply adequately to their discovery. That complaint may or may not have merit, but that is simply not the issue now before the Court and must be raised in an appropriate motion for protective order or to compel.

The Court has attempted in this Opinion to lay down broad discovery guidelines and to delineate what categories of information are protected by the First Amendment. It is hoped that with this guidance, the parties will now be able to resolve their discovery disputes; if not, they will be addressed in the status set for **May 3, 2002**.

April 12, 2002
Date

Gladys Kessler
United States District Judge

**Copies to:**

Mara Verheyden-Hilliard
Carl Messineo
PARTNERSHIP FOR CIVIL JUSTICE, INC.
1901 Pennsylvania Ave., N.W.
Suite 607
Washington, DC 20006

R. Craig Lawrence
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20001

Thomas L. Koger
Office of the Corporation Counsel, D.C.
441 Fourth Street, N.W.
Room 6S045
Washington, DC 20001